Thanks to both counsel. We'll move to the fifth case of the day, which is Gant v. Hartman, number 18-1287. And we'll hear first from Ms. Thier. May it please the court. I'd like to just briefly review the facts. I represent Officer Daniel Hartman in this case. On August 23, 2015, Officer Hartman responded to an armed robbery in progress at a Dollar General store. He was aware of recent multiple robberies at Dollar General stores in Fort Wayne. Typically, there were two men, armed, zip-tied, and confined employees, waited for registers to open, and they took the cash. And this is reflected in the 911 call that was made in this case. Officer Daniel Hartman arrived at the Dollar General store. He went to the front door. There were police officers in the back of the store. The two suspects tried to run out the back of the door, saw the police officers, ran back in. They tried to run out the front door. That's when Officer Hartman started to walk towards the front door. The first suspect came out. Three officers were at the front door, yelled, stop, get down. The suspect ran. Officer Hartman was able to look at his hands, saw that he did not have a gun in his hands. And then that suspect kept running. The second suspect came out. That was Anthony Gant. Officer Hartman believed that he had a gun in his left hand. Anthony Gant began to turn towards Officer Hartman. Officer Hartman had no cover. He was 10 to 15 feet from Gant. Gant showed no signs of surrendering. So, great argument for the jury. Can we talk about the jurisdictional limits on this interlocutory appeal? Yes. In particular, the district judge found as reasonably disputed facts here, whether Officer Hartman reasonably believed that Gant had a gun, whether Gant was in the process of obeying the commands when Hartman fired, and whether the plaintiff had an opportunity to obey the commands before Hartman fired. Do you agree that those are all reasonable disputed facts here? No, I do not. Then how do we have jurisdiction? Those are disputed facts, I'm sorry. Those are disputed facts. Maybe my question was not clear. No, that's okay. Do you agree those are all disputed issues of material fact here? Those facts are not in dispute. Okay. For purposes of the appeal? Well, first of all, there's no evidence from any witness that Anthony Gant was surrendering. There's two videos of this incident. So, do you want to dispute the district court's conclusion that it is a factual dispute here whether the plaintiff was in the process of obeying and surrendering or had an opportunity to do so before he was shot? It is undisputed that Anthony Gant was surrendering. There's no evidence whatsoever. Do you want to argue with the district court's evaluation of the evidence? I disagree with the district court. How do we have appellate jurisdiction then? If you want to argue about what facts are in dispute and which are not, that is not a question of law. My position is that the undisputed facts show that Daniel Gant was not surrendering when he was shot. And that he posed a threat of serious bodily harm or death to Officer Hartman at the time he discharged his firearm. What's the question of law you want us to discuss? The question of law is whether it was reasonable or whether Officer Hartman, based on the undisputed facts before the court, whether he violated clearly established law. And the established law that the district court relied on was White v. Gerardo. And in that case, the plaintiff presented an affidavit of a witness who stated that at the time the officer allegedly said freeze to the suspect, the suspect turned toward the officer, put his hands in the air, and the officer shot him while his hands were in the air. There's no evidence in this case whatsoever that Anthony Gant had his hands in the air. Okay, let me try this again. Do you think it is constitutional to shoot an armed robbery suspect who has already surrendered? No, I do not believe that's constitutional. Do you think it's constitutional to shoot an armed robbery suspect who is trying to surrender? Well, it's based on what a reasonable officer would reasonably conclude based on what that officer knows. And we know in this case that Officer Hartman was aware that there were multiple armed robberies at the Dollar General stores before this incident. It was typically two men that were armed. The question is, was he trying to surrender? The district judge found that the evidence presented a genuine dispute about that fact. You want to argue with the district judge about that, we don't have jurisdiction to resolve that dispute on an interlocutory basis. Okay, this court has jurisdiction because the issue of qualified immunity is immediately appealable to the extent it presents questions of law rather than fact. Precisely. And you want to argue the facts here about whether Gant was trying to surrender or not. And whether it looked to Hartman like he was trying to surrender and whether Hartman gave him an opportunity to surrender. What I'm saying is the district court was wrong and there are no disputed facts. What the district court said was that the plaintiff argued that Gant was trying to surrender. There are no facts to support that. Gant didn't file an affidavit with the court stating I was trying to surrender. Gant didn't file an affidavit with the court that I wanted to surrender but I was shot. There's no evidence whatsoever that he was trying to surrender and it's on video. He's standing there upright with his hands down walking out the door. There's no evidence whatsoever. And the shot comes in a split second. Right. We've all seen the video. It's amazingly fast. Correct. And I have submitted the affidavit of William Evert who indicates that the reaction time for the officer, if he would wait to see if Gant had a gun and he was going to be shot, that officer would have been dead. It takes longer to react to a suspect than what the suspect. If the suspect is going to shoot the officer, the officer can't wait. He doesn't have the luxury to wait to see if he actually has a gun and he's going to be shot. Was any gun ever found? Yes. It was found in the store. One or both? Two guns? No, one gun. And Anthony Gant pled guilty to armed robbery. Okay. Do you want to save the rest of your time for rebuttal? I'll reserve. There's a new issue you want to address. I'm sorry? Is there another issue you want to address? I just wanted to say that the district court also relied on Officer Palm and Officer Griffin in stating that those officers did not see a gun in Anthony Gant's hand, but those officers were watching the first suspect run out of the store and go across the parking lot and they never looked. There's no evidence they ever even looked at Anthony Gant's hands. So as Everett states, it was reasonable for Hartman to conclude that Gant was armed based on the history of these armed robberies at the Dollar General store and based on his behavior showing no signs of surrendering. Thank you. Let's see. For Plaintiff Mr. Frank? Good morning, or as it may be, afternoon, Your Honor. I don't know if it's exactly noon. Thank you. I'll go down the middle there. May it please the court, David Frank for the appellee, Mr. Anthony Gant. Mr. Gant respectfully requests this court dismiss this appeal for lack of jurisdiction. Should this court find jurisdiction, he requests the court affirm the decision and judgment of the district court denying qualified immunity. First, this court should dismiss this appeal for lack of jurisdiction. This court only has jurisdiction where the appellant presents a pure question of law. Here, the appellant does not raise a pure question of law. You mean to add we have to make a determination of facts before we can get to the question of law? Yes. Okay. Anything more you want to say? Your Honor, we believe the appeal should be dismissed. And if there is any questions from the court, I'd be happy to take a crack at them. Okay. No other questions. Thank you. Ms. Trier? Little? It's our position that there aren't any facts that need to be resolved. As in White v. Dorado, the fact that needed to be resolved was whether the suspect had his arms in the air. And in this case, there's no evidence whatsoever that Anthony Gant had his arms in the air. This case is like Ford v. Childers, a Seventh Circuit decision in which an officer responded to a silent holdup at a bank. The officer looked inside the bank. He saw a masked individual with his arm extended. The pillar obstructed the officer's vision of the suspect's hand. He did not know if the masked individual had anything in his hands. The suspect ran out of the bank, and he was shot in the back. In that case, the Seventh Circuit held that the officer's actions were objectively reasonable when he shot the suspect in that a reasonable belief that danger exists may be formed by reliance on appearances. And in that case, this court held that there was no Fourth Amendment violation. The Fourth Amendment does not require officers to wait until a suspect shoots to confirm that a serious threat of harm exists. And nobody thinks that. Right. But again, the question of whether the force used was objectively reasonable is a question of law. That's not a question of fact for the jury. What the jury decides are factual disputes, and in this case there's been no evidence presented by the plaintiff to dispute what happened in the video, what William Everett said and what the officer said. Thank you, counsel. Thanks to both counsel. The case will be taken under advisement.